ROYAL PACKING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3962.   Decided October 13, 1926.

Upon the evidence, *held*, that the loss taken as a deduction from gross income of the petitioner for the year ended January 31, 1919, was not realized during such taxable year.

*D. Webster Egan, Esq.*, for the petitioner.
*George E. Adams, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for the fiscal year ended January 31, 1919, in the amount of $9,792.85. It arises from the refusal of the Commissioner to allow petitioner's deduction of an alleged loss of $15,000, occasioned by the failure of a corporation in which the petitioner was a stockholder.

### FINDINGS OF FACT.

The petitioner is a corporation engaged in the packing business at Los Angeles, Calif. Prior to April 1, 1918, it invested $10,000 in the common stock of the Universal Packing Co. of Fresno, Calif., a corporation organized in 1916. The first purchase of its stock was made by the petitioner on November 25, 1916. This was paid for by the company's check for $2,500. Other purchases of stock were made on April 26, June 16, and July 24, 1917, respectively, for which the total amount of $7,500 was paid. In January or February, 1918, petitioner's president learned that the Universal Packing Co. was short of funds. He thereupon arranged to purchase for his company additional common stock of the par value of $5,000, and payment therefor was made by the petitioner on March 29, 1918. This last purchase was made for the protection of the prior investments of the company. All purchases were made at par.

The Universal Packing Co. began operations in 1917 and from the beginning was a failure financially. June 1, 1918, the Universal Packing Co. levied an assessment of $14 per share on all its capital stock, notice of which was duly published on June 3, 10, 17, 24, and July 1 and 5, 1918. The petitioner did not pay this assessment. On November 1, 1918, or immediately prior to that date, the Universal Packing Co. closed its doors and ceased to function. Petitioner charged off on its books $12,000 as of January 31, 1919, and $3,000 as of January 31, 1920, and claimed deductions therefor in its tax returns for the taxable years ending on those dates, respectively. On July 12, 1924, it made entries on its books correcting the charge-off as of January 31, 1920, and making it as of January 31, 1919. It now claims the deduction of $15,000 in the determination of its taxes for the fiscal year ended January 31, 1919.

OPINION.

LANSDON: The law under which the petitioner claims is as follows:

Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\*          \*          \*          \*          \*          \*          \*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise. (Revenue Act of 1918.)

To prevail in its contention the petitioner must prove that the loss was sustained in the taxable year. The evidence is clear that the Universal Packing Co. became insolvent and ceased to function prior to November 1, 1918, a date within the taxable year. It is also in evidence that the insolvent corporation owned certain assets and that the sale of such assets and the final liquidation of its business were not completed within the fiscal year ended January 31, 1919. There is no convincing evidence that any loss was sustained in the taxable year.

> *Judgment will be entered for the Commissioner.*